UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIMON UNSWORTH HAINES,<br><br>Petitioner,<br><br>v.<br><br>AMAZON.COM SERVICES LLC; and AMAZON.COM, INC.,<br><br>Respondents. | CASE NO. 2:24-cv-00543-JHC<br><br>ORDER DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD |

# I

## INTRODUCTION

This matter comes before the Court on Petitioner Simon Unsworth Haines's Motion to Vacate the Final Arbitration Award, Dkt. #34, and Respondents Amazon.com Services LLC and Amazon.com, Inc.'s (collectively, Amazon) Cross-Motion to Confirm the Arbitration Award, Dkt. # 38. Haines seeks review and vacatur of a Final Award issued by American Arbitration Association (AAA) Arbitrator Dale L. Kingman in favor of Amazon. Dkts. ## 34; 34-2. The Court has reviewed the materials filed in support of and in opposition to the motions, the rest of the case file, and the governing law. Being fully advised and applying the highly deferential

standard of review for such matters, the Court DENIES Haines's motion to vacate and GRANTS Amazon's cross-motion to confirm the Award.

## II

### BACKGROUND

The factual background below is based on the Petition to Vacate the Arbitration Award and accompanying exhibits, Dkt. # 34, and the Final Award. Dkt. # 34-2.

In 2020, Haines became a third-party seller in Amazon's online marketplace. Dkt. # 34-2 at 4.[1] He agreed to Amazon's Business Solutions Agreement (BSA). Dkt. # 34-4 at 2–46. The BSA states that if Amazon determines that a third-party seller's account was "used to engage in deceptive, fraudulent, or illegal activity (including the sale of counterfeit goods), or to repeatedly violate our Program Policies, then [Amazon] may in [its] sole discretion permanently withhold any payments to [the third-party seller]." *Id.* at 4. Under the BSA, Amazon is required to remit sales proceeds to third-party sellers every 14 days. *Id.* at 23.

In 2021, Haines's gross revenue on Amazon was about $3 million. Dkt. # 34-2 at 4, 7. That year, Amazon suspended Haines's account for "review abuse." *Id.* at 4. Amazon determined that Haines engaged in review abuse, and violated the BSA, by offering customers $10 gift cards and other incentives in exchange for positive reviews of his products. *Id.* After concluding its internal investigation, Amazon terminated Haines's account and kept the sales proceeds it had not yet remitted to him. *Id.* The amount kept was $194,135.12.[2] *Id.*

On September 1, 2022, Haines filed a demand for arbitration with the AAA. Dkts. # 34 at 6; # 34-3. He asserted claims for breach of contract and conversion. *See generally* Dkt. # 34-

---

[1] Haines operated on Amazon under the name "HAINES LLC." No limited liability company existed; Haines just used the name to operate his online business. Dkt. # 34-2 at 4.

[2] The Arbitrator noted a "slight discrepancy between the parties' claims as to the amounts withheld." Dkt. # 34-2 at 4 n.1. The Arbitrator used the number provided by Amazon in his analysis. *Id.*

ORDER DENYING MOTION TO VACATE AND
GRANTING CROSS-MOTION TO CONFIRM
ARBITRATION AWARD - 2

3. He contended that Amazon breached the BSA by failing to remit the net proceeds of his online sales, and that the company unlawfully converted the proceeds for its own use. *Id.* The parties agreed that the Arbitrator's decision would be based on their written submissions. Dkt. # 34-2 at 3.

On September 26, 2023, the Arbitrator issued the Final Award in Amazon's favor. Dkt. # 34-2. The Arbitrator determined that: (1) Haines engaged in review abuse in violation of the BSA and thus breached his contract with Amazon; (2) Amazon did not breach the BSA; (3) Haines failed to establish that Amazon breached its duty of good faith and fair dealing; (4) Haines's breach of the BSA established that he breached the duty of good faith and fair dealing; (5) Haines did not establish that Amazon committed the tort of conversion or acted in violation of bailment; (6) the doctrine of collateral estoppel did not apply to this matter; and (7) Haines was not entitled to an award including the remittance of funds held by Amazon, attorney fees and costs, or prejudgment interest. *Id.* at 17.

On December 22, 2023, Haines filed a Petition to Vacate the Arbitration Award in the Central District of California. Dkt. # 1. On April 10, 2024, the parties jointly requested transfer of the case to this District. Dkt. # 21. On April 16, 2024, the Central District of California granted the request. Dkt. # 22. Haines requests that the Award be vacated because (1) the Arbitrator's conclusion that Section Two of the BSA was a valid liquidated damages clause was completely irrational; (2) the Arbitrator manifestly disregarded Washington law on liquidated damages; (3) the Arbitrator manifestly disregarded Washington law on substantive unconscionability; (4) Section 8 of the BSA is contrary to public policy; and (5) Haines has been foreclosed from vindicating his rights to attorney fees under Washington's Consumer Protection Act (CPA), RCW 19.86 *et seq. See generally* Dkt. # 34.

# III

## DISCUSSION

Judicial review of an arbitration award is "limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (internal quotation omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [Federal Arbitration Act]." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019). Courts vacate arbitration awards when, among other reasons, "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. An arbitrator exceeds their powers when the award is "'completely irrational' or 'constitutes manifest disregard of the law.'" *Comedy Club, Inc.*, 553 F.3d at 1288 (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)).

An award concerning the interpretation of a contract is "completely irrational" when "the arbitration decision fails to draw its essence from the agreement." *Aspic Eng'g & Constr. Co.*, 913 F.3d at 1166 (quoting *Comedy Club, Inc.*, 553 F.3d at 1288). Under this standard, a court does not consider the "rightness or wrongness of the arbitrator's contract interpretation." *Id.* (quoting *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009). To constitute a manifest disregard of the law, "[i]t must be clear from the record that the arbitrator [] recognized the applicable law and then ignored it." *Comedy Club, Inc.*, 553 F.3d at 1288 (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir. 1995) (alterations in original).

Lastly, independent of the Federal Arbitration Act (FAA), a court may vacate an arbitration award as contrary to public policy when "an explicit, well defined and dominant policy exists" and (2) "the policy is one that specifically militates against the relief ordered by the arbitrator." *Aramark Facility Servs. v. Serv. Emps. Int'l Union, Loc. 1877, AFL CIO*, 530

ORDER DENYING MOTION TO VACATE AND
GRANTING CROSS-MOTION TO CONFIRM
ARBITRATION AWARD - 4

F.3d 817, 823 (9th Cir. 2008) (internal quotation omitted).  And the Ninth Circuit has cautioned that "courts should be reluctant to vacate arbitral awards on public policy grounds." *Ariz. Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 992 (9th Cir. 1995)

A.      Liquidated Damages Under the BSA

Haines makes two arguments related to the Arbitrator's determination that Section Two of the BSA is an enforceable liquidated damages clause.  First, Haines contends that the Arbitrator's conclusion was completely irrational.  Dkt. # 34 at 9.  Second, he asserts that the Arbitrator manifestly disregarded the law by failing to follow Washington law on liquidated damages.  *Id.* at 11.  The Court addresses each argument below.

1.      The Award is not Completely Irrational.

Haines says that the Arbitrator's decision was completely irrational because Section Two of the BSA does not including any language identifying it as a liquidated damages provision. Dkt. # 34 at 9.  Haines explains that, for example, Section Two does not say how the money permanently withheld by Amazon serves as just compensation to Amazon in the event of a breach of the BSA.  *Id.*  He contends that the Arbitrator irrationally "disregarded specific provisions of the plain text [of the BSA] in an effort to prevent what he deemed an unfair result." *Id.* at 10.

Amazon responds that Haines's disagreement with the Arbitrator's legal analysis is not a valid basis to vacate the Award.  Dkt. # 38 at 15.  It says that the Arbitrator read Sections Two and S-5 of the BSA and determined that the withholding of no more than 14 days of revenue is a valid liquidated damages provision.  *Id.* at 14 (citing Dkt. # 34-2 at 15).  The company contends that because the Arbitrator's "decision draws its essence from the contract," Haines cannot show that the Arbitrator's decision was "completely irrational." *Id.* (citing *Shenzhen Yunzhongge*

ORDER DENYING MOTION TO VACATE AND
GRANTING CROSS-MOTION TO CONFIRM
ARBITRATION AWARD - 5

*Tech. Co., Ltd. v. Amazon.com Services LLC*, 2024 WL 1659281, at *6 (W.D. Wash. Apr. 17, 2024)).

The Arbitrator determined that the "structure and consequence of the provision" is crucial and not whether the BSA contains the "magic words" liquidated damages. Dkt. # 34-2 at 15. He reasoned that the "appropriate liquidated damage[s] will be no more than the amount in the third-party seller's store within 14 days of suspension and/or termination of the seller's account." *Id.* He also said that the estimate of harm is "almost impossible to calculate" and, "the amount withheld within the 14-day period of [Section] S-5 is $ 194, 293.95." *Id.* The Arbitrator further reasoned that the withholding amounts to about ".065%" of HAINES LLC's total revenue between January 2021 and July 2021. *Id.*[3]

The Arbitrator's conclusion is not completely irrational. The Award "draws its essence from the agreement" because the Arbitrator's reasoning is based on specific provisions of the BSA. The Arbitrator also interpreted Section Two as an enforceable liquidated damages provision because another provision in the parties' contract requires Amazon to remit proceeds to its third-party sellers every 14 days. *See, e.g.*, Dkt. # 34-2 at 14 ("Much [has been] made of the 14-day period in which Amazon remits proceeds to third-party sellers under Section S-5 "**Remittance of Sales Proceeds and Refunds**" as being both a liquidated damage[s] provision or not, and/or creating an invalid penalty.") (emphasis in original). Even if the Court disagrees with the Arbitrator's reasoning, it cannot vacate the Award because it may have interpreted the BSA differently. *See Bosack*, 586 F.3d at 1106 ("An award draws its essence from the

---

[3] The withheld funds of $194, 293.95 is about 6.5% of the three million dollars of revenue between January 2021 and July 2021. *See, e.g.*, Dkt. # 34-2 at 15. Haines does not take issue with this apparent error. Nor does it affect the Court's analysis.

ORDER DENYING MOTION TO VACATE AND
GRANTING CROSS-MOTION TO CONFIRM
ARBITRATION AWARD - 6

agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions.").

    2.  There was no Manifest Disregard of the Law.

  Under Washington law, a liquidated damages provision is valid if it satisfies a two-factor test: "First, the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm must be such that it is incapable or very difficult of ascertainment." *Watson v. Ingram*, 124 Wash. 2d 845, 850, 881 P.2d 247, 249 (1994); *see also* Dkt. # 34-2 at 11. "If the liquidated damages provision is either not a reasonable forecast or if the harm is easy to ascertain, then the provision is an unlawful penalty." *Minnick v. Clearwire U.S. LLC*, 174 Wash. 2d 443, 449, 275 P.3d 1127, 1131 (2012); *see also* Dkt. #34-2 at 11.

  Haines asserts that the Arbitrator manifestly disregarded the law by failing to apply the two-factor test laid out in *Watson v. Ingram*, 124 Wash. 2d at 850. Dkt. # 34 at 11. He contends that the Arbitrator ignored the first factor because liquidated damages refer to "a certain amount of money, or a clear and agreed method for calculating the compensation upon the conclusion of the contract." *Id.* at 12. He says that Section Two of the BSA does not include an agreed method for calculating the damages in dispute. *Id.* Haines also argues that the Arbitrator failed to apply the *Watson* test because the Arbitrator viewed Haines as a "bad actor" who committed review manipulation and wanted to punish Haines for his "fraudulent behavior." *Id.* at 14–15 *see also* Dkt. # 34-2 at 14.

  Amazon counters that Haines's circular argument assumes that Section Two does not provide a "reasonable forecast of just compensation for the harm." Dkt. # 38 at 16 (internal quotation omitted). The company contends that Haines is improperly attempting "to overturn the Arbitrator's reasoned interpretation of the parties' contract." *Id.* (citing *Shenzhen Yunzhongge Tech. Co.*, 2024 WL 1659281, at * 5. It also says that the Arbitrator followed Washington law

ORDER DENYING MOTION TO VACATE AND
GRANTING CROSS-MOTION TO CONFIRM
ARBITRATION AWARD - 7

on liquidated damages and "employ[ed] both hindsight and foresight" in determining whether the liquidated damages provision was a reasonable forecast of compensation under the first prong of the *Watson* test. *Id.* at 18 (citing Dkt. # 34-2 at 12–15).

In his legal analysis, the Arbitrator identified the two-factor test laid out in *Watson v. Ingram*, 124 Wash. 2d at 850. Dkt. # 34-2 at 11–14. He reasoned that a liquidated damages provision must be "sufficient to compensate the non-breaching party but not so out of proportion with the actual damages of the non-breaching party or sales cost or revenue of the breaching party." *Id*. The Arbitrator determined that the permanent withholding of no more than 14 days of revenue is a valid liquidated damages provision. *Id.* at 15.

Haines fails to show that the Arbitrator exhibited a manifest disregard of the law. The Arbitrator identified and applied the correct legal standard for evaluating liquidated damages provisions to the specific facts here. Even if the Court disagrees with the Arbitrator's interpretation of the law, this does not constitute a manifest disregard the law. "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Wawock v. CSI Elec. Contractors, Inc.*, 649 F. App'x 556, 557 (9th Cir. 2016) (quoting *Mich. Mut. Ins. Co.*, 44 F.3d at 832); *see also Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004) ("A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award should be enforced, despite a courts disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached.") (internal quotation omitted) (emphasis in original).

B.      Substantive Unconscionability of the BSA

Haines contends that the Arbitrator manifestly disregarded the law by concluding that the BSA was not substantively unconscionable. Dkt. # 34 at 15. He asserts that the Arbitrator's

conclusion "direct[ly] disregards" the law he cites in the Award. *Id.* at 16. He also says that the Arbitrator misstated the law when he said that a contract term is unconscionable "only if monstrously harsh, exceedingly callous, or shocking to the conscience." *Id.*

Amazon responds that Haines misrepresents the Arbitrator's reasoning. Dkt. # 38 at 19–20. The company says that the Arbitrator identified recent case law on the issue, *Tadych v. Noble Ridge Construction, Inc.*, 200 Wash. 2d 635, 519 P.3d 199 (2022), and analyzed the substantive conscionability of the BSA under the standard outlined by the Washington Supreme Court. Dkt. # 38 at 19–20. It also says that Haines's contention that the Arbitrator purportedly applied the law incorrectly does not warrant vacating the Award. *Id.* at 20.

The Arbitrator, in analyzing this issue, did identify *Tadych*, a recent Washington Supreme Court decision that defined substantive unconscionability as "an unfairness of the terms or results." Dkt. # 34-2 at 9 (quoting *Tadych v. Noble Ridge Constr., Inc.*, 200 Wash. 2d at 641). He also said that a contractual term is substantively unconscionable when it is "'one-sided or overly harsh,' 'shocking to the conscience,' 'monstrously harsh,' or 'exceedingly calloused.'" *Id.* (quoting *Tadych v. Noble Ridge Constr., Inc.*, 200 Wash. 2d at 641).

The Arbitrator applied the correct legal standard as laid out by the court in *Tadych*. Indeed, his recitation of the law of substantive unconscionability include direct quotations from the case. *See* Dkt. # 34-2 at 9; *Tadych v. Noble Ridge Constr., Inc.*, 200 Wash. 2d at 641). To the extent Haines is arguing that the Arbitrator applied the standard for substantive unconscionability incorrectly, this does not show a manifest disregard of the law. *See Comedy Club, Inc.*, 553 F.3d at 1288.

C. Section 8 of the BSA

Haines asserts that Section 8 of the BSA limits Amazon's liability for damages and is contrary to public policy.[4] Dkt. # 34 at 15. He refers to how a federal bankruptcy court in the District of Arizona, in resolving a motion for summary judgment, applied Washington's 6-factor balancing test to determine whether a contract provision violates public policy. *Id.*; *see also In re Potential Dynamix LLC*, No. 2:11-BK-28944-DPC, 2021 WL 12276962, at *2–4 (Bankr. D. Ariz. Feb. 15, 2021). In that case, the bankruptcy court determined that Section 8 was contrary to public policy and unenforceable. *Id.*; *see also In re Potential Dynamix LLC*, 2021 WL 12276962, at *2–4.

Amazon counters that Haines does not identify any public policy in Washington that "specifically militates" against enforcing Section 8 of the BSA. Dkt. # 38 at 21 (quoting *Shenzhen Yunzhongge Tech. Co., Ltd.*, 2024 WL 1659281, at *3). It also says that Haines's Demand for Arbitration did not set forth any claims under Section 8 of the BSA. *Id.* at 22. According to Amazon, because neither party raised this issue before the Arbitrator, this claim cannot justify vacating the Award. *Id.*

The Court agrees with Amazon. Haines's Demand did not raise any claims under Section 8 of the BSA. *See* Dkts. ## 34-3, 39-5. And the Arbitrator never addressed any issues related to the legality of Section 8. *See* Dkt. # 34-2. Thus, because no claims were raised before the Arbitrator regarding Section 8, the Court does not address the issue. *See Clinton v. Hendricks & Lewis PLLC,* 557 F. App'x 665, 668 (9th Cir. 2014) ("Because arbitration decisions have

---

[4] The heading introducing this argument says, "The Arbitrator ruled in manifest disregard of the law when he [*sic*] Section 8 of the BSA's limitation of damages foreclosed Claimant from seeking actual damages and is against public policy." Dkt. # 34 at 15. The entirety of Haines's argument below the heading focuses on the public policy exception and does not reference the "manifest disregard of the law" standard. *Id.* Haines also does not clarify this argument in his Reply. *See generally* Dkt. # 40. Thus, the Court interprets Haines as arguing that the arbitration award should be vacated on public policy grounds.

ORDER DENYING MOTION TO VACATE AND
GRANTING CROSS-MOTION TO CONFIRM
ARBITRATION AWARD - 10

preclusive effect . . . [the plaintiff's] failure to raise those claims at arbitration bars him from raising them here."); *Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 673 (9th Cir. 1998) ("[I]t is well settled that a party may not sit idle through an arbitration proceeding and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse.") (alteration in original) (internal quotation omitted).

D.     Attorney Fees

Haines contends that Section 18 of the BSA "calls for attorney's fees in the event [Haines's] claims (and the equitable flip side, Amazon's defense) is frivolous." Dkt. # 34 at 17. Haines also asserts that Amazon's appropriating of his funds is "an unfair, deceptive, and fraudulent practice" under the CPA. *Id.* According to Haines, he is thus entitled to attorney fees. *Id.* Haines also says that if the Arbitrator had correctly applied the liquidated damages test laid out in *Watson v. Ingram*, 124 Wash. 2d at 850, then he would have awarded interest and attorney fees and costs under the CPA. Dkt. # 34 at 18.

Amazon responds that Section 18 of the BSA says only that "Amazon will not seek attorneys' fees and costs from [the third-party seller] in arbitration unless the arbitrator determines the claims are frivolous." Dkt. # 38 at 23. It contends that even accepting Haines's argument that Section 18 applies bilaterally, the Arbitrator did not say that Amazon's defenses to be frivolous. *Id.* Amazon also argues that Haines fails to explain "how or why he would be entitled to attorneys' fees under the CPA." Dkt. # 38 at 23. The company says that Haines's argument is baseless because he never asserted a CPA claim against Amazon in arbitration.

The Arbitrator determined that "Haines committed review abuse and as a legal matter [was] not entitled to any relief. Haines [was] therefore not entitled to any attorney fees or costs[.]" Dkt. # 34-2 at 17. The Arbitrator also concluded that "[t]he parties shall each bear their own attorneys' fees as incurred[.]" *Id.* at 18. The Arbitrator did not determine that either

ORDER DENYING MOTION TO VACATE AND
GRANTING CROSS-MOTION TO CONFIRM
ARBITRATION AWARD - 11

Haines's claims or Amazon's defenses were frivolous, and he ordered each party to bear their own fees and costs. Nor did Haines allege that Amazon violated the CPA in his Demand, and the Arbitrator did not analyze any claims under the CPA. *See* Dkts. ## 34-2; 34-3. Thus, Haines's failure to raise a CPA claim at arbitration precludes him from raising it before the Court. *See Clinton*, 557 F. App'x 665, 668 (9th Cir. 2014).

Lastly, because Haines does not show that the Award must be "vacated, modified, or corrected," the Court grants Amazon's motion to confirm the arbitration award. *See Biller v. Toyota Motor Corp.*, 668 F.3d 655, 663 (9th Cir. 2012) ("[I]f a party seeks a judicial order confirming an arbitration award, the court must grant such an order unless the award is vacated, modified, or corrected[.]").

## IV
### CONCLUSION

For the above reasons, the Court DENIES Petitioner's motion to vacate the arbitration award, Dkt. # 34, and GRANTS Respondents' cross-motion to confirm the arbitration award, Dkt. # 38.

Dated this 14th day of February, 2025.

John H. Chun
United States District Judge